[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-14756
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 31, 2011
JOHN LEY
CLERK

D.C. Docket No. 0:09-cr-60262-DTKH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

TONY GREEN,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 31, 2011)

Before WILSON, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Tony Green appeals his 50-month sentence for being a felon in possession

of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1).  On appeal,

Green argues that his sentence, which runs consecutively to an undischarged 51-month state sentence for violation of probation, is substantively unreasonable because it is greater than necessary to achieve the goals of sentencing as set forth in 18 U.S.C. § 3553(a), and because the district court relied on an erroneous finding that he was involved in drugs.

We review a sentence imposed by a district court for "reasonableness," using an abuse-of-discretion standard. United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008). The review for substantive reasonableness involves examining the "totality of the circumstances," including an inquiry into whether the section 3553(a) factors support the sentence in question. Gall v. United States, 552 U.S. 38, 49–51, 128 S.Ct. 586, 596–97 (2007). The defendant has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). We defer to the district court's judgment of the weight given to the section 3553(a) factors unless the court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." Pugh, 515 F.3d at 1203 (quotation omitted).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in

2

. . . this subsection," namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

Green challenges only the substantive reasonableness of his sentence. He argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the sentencing goals outlined in section 3553(a)(2), and because it "relies on a finding of narcotics involvement when [he] was not charged with or arrested for [narcotics possession]." We find these arguments unavailing. First, the district court explained that Green's sentence was justified on account of his criminal record, which included a "long history of violent conduct." Moreover, the court heard but ultimately rejected Green's rationale for a reduced sentence, which was a proper exercise of "the institutional advantage that district

courts have in applying and weighing the section 3553(a) factors in individual cases." Pugh, 515 F.3d at 1190–91. Green has thus failed to show that his sentence is greater than necessary to achieve section 3553's sentencing goals. See Talley, 431 F.3d at 788.

Second, although Green was not charged with drug involvement in this case, unobjected-to facts in the Pre-Sentencing Investigation ("PSI") make clear that drug paraphernalia was found in Green's residence. The district court was permitted to take into account the "totality of the circumstances" when fashioning Green's sentence, and as a result its decision to consider the presence of drug paraphernalia does not render Green's sentence substantively unreasonable. See Gall, 552 U.S. at 49-51, 128 S.Ct. at 596-97; See also United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (unobjected to facts in PSI are deemed admitted). Thus, we reject Green's argument that the district court inappropriately considered whether Green was involved with narcotics.

For these reasons, we hold that Green's sentence is substantively reasonable,[1] and affirm.

---

[1] To the extent Green challenges the district court's decision to impose a term of imprisonment consecutive to an existing state term of imprisonment, as opposed to a term concurrent with that state sentence, we note that this result is well within the discretion of the district court. See 18 U.S.C. § 3584(a), (b).

**AFFIRMED.**